IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PARENTAL RIGHTS AS TO J.J.H., A MINOR. | No. 83776 **FILED** OCT 11 2022 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY _____ DEPUTY CLERK |
| JOSHUA ROBERT H., Appellant, vs. JULIA L., Respondent. | |

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order terminating appellant's parental rights as to his minor child. Fourth Judicial District Court, Elko County; Kriston N. Hill, Judge.[1]

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). "The primary consideration in any proceeding to terminate parental rights must be whether the best interests of the child will be served by the termination." NRS 128.105(1). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014).

Appellant argues that respondent failed to present adequate evidence at the trial, and thus, failed to demonstrate by clear and convincing evidence that termination of appellant's parental rights was in

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

22-32067

the best interest of the child. We agree. There was no specific evidence offered regarding termination being in the child's best interest. Respondent merely contended that she could support and care for the child on her own. Additionally, the district court's written finding in this regard states only that termination is in the child's best interest but offers no support for that finding. Because substantial evidence does not support the district court's finding that termination of appellant's parental rights is in the child's best interest, which is one of two mandatory factors for termination of parental rights, we must reverse the district court's order.[2] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr.J.
Gibbons

[2]Because the best interest of the child factor was not established, we need not address appellant's arguments regarding parental fault. NRS 128.105(1). Additionally, in light of our conclusion, we need not reach appellant's argument regarding the admission of evidence.

Further, while appellant's failure to oppose the termination petition in district court limits his arguments on appeal, because respondent held the burden to show by clear and convincing evidence that appellant's rights should be terminated, and "order[s] terminating parental rights [are] subject to close scrutiny," In re A.L., 130 Nev. at 918, 337 P.3d at 761, appellant is not precluded from arguing on appeal that respondent failed to meet her burden below.

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Kriston N. Hill, District Judge
Ben Gaumond Law Firm, PLLC
Hillewaert Law Firm
Fourth District Court Clerk